UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMBER WOO, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED EXPRESS GROUP, INC., et al.,<br><br>Defendants. | No. 2:22-cv-01253-DAD-JDP<br><br>ORDER GRANTING DEFENDANTS <u>UNITED EXPRESS GROUP, INC., AND PETREA GHERASIM'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT, WITH LEAVE TO AMEND</u><br><br>(Doc. No. 15) |

This matter is before the court on the motion to dismiss filed by defendants United Express Group, Inc. ("UEG") and Petrea Gherasim (collectively, "the moving defendants") on October 21, 2022. (Doc. No. 15.) On November 7, 2022, the pending motion was taken under submission on the papers. (Doc No. 20.) For the reasons explained below, the moving defendants' motion to dismiss will granted, with leave to amend.

**BACKGROUND**

On July 14, 2022, plaintiffs Amber Woo and Stephen Woo filed the complaint initiating this action against six named defendants (People Movers California, Inc.; Long Distance Moving Experts, Inc.; Satellite Logistics, Inc.; Nicolae Gutu; United Express Group, Inc.; and Petrea Gherasim) and unnamed Doe defendants 1–50, alleging that all defendants used fraudulent business practices and were responsible for damaging or destroying plaintiffs' personal property

(household goods) while transporting that property across the country. (Doc. No. 1.) In their complaint, plaintiffs assert the following four claims against all defendants, each of whom plaintiffs allege are alter egos and doing business as each other: (1) violation of the Carmack Amendment, 49 U.S.C. § 14706; (2) unlawful carrier activity in violation of 49 U.S.C. §§ 13902, 14707, 14901, 14912; (3) violation of a federal consumer protection statute governing household goods carriers, 49 U.S.C. § 14104; and (4) unfair business practices in violation of California Business and Professions Code §§ 17200, *et seq*. (Doc. No. 1 at ¶¶ 11–12, 33–61.)

In their complaint, plaintiffs allege the following. All of the defendants were doing business under the fictitious business name "People Movers." (*Id.* at ¶ 12.) In addition, all defendants "are alter egos of each other based upon their undercapitalization, commingling of funds, and disregard for corporate formalities." (*Id.* at ¶ 11.) Defendant UEG "is, and . . . was, a corporation doing business as 'People Movers' in the State of California as a moving and storage company . . . ." (*Id.* at ¶ 5.) Records from the U.S. Department of Transportation ("DOT") and the Sacramento County Citizen Access Fictitious Business Name files, copies of which plaintiffs have attached to their complaint, reflect that defendant UEG is doing business as, and has the same business and mailing address as, People Movers. (*Id.* at 23, 25.) Similarly, defendant Petrea Gherasim "is, and . . . was, an individual doing business as 'People Movers' in the State of California as a moving and storage company," and "an owner, designated officer, operator, and alter ego of defendant UEG." (*Id.* at ¶ 10.) Through their "doing business as" name of People Movers, all defendants contracted with plaintiffs to "move their household goods [] from California to Arkansas." (*Id.* at ¶¶ 12, 18–20.) In an attachment to their complaint, plaintiffs provide a copy of the "contract for service – [Bill of Lading]" invoice from "People Movers" for this transaction, complete with the People Movers logo, street address, and website address (https://peoplemoversus.com/) appearing on the top of the invoice. (*Id.* at 30.) Plaintiffs allege that due to defendants' short-staffed crew and negligent haste to move their household goods, "nearly the entire shipment was significantly damaged or missing." (*Id.* at 53–159, ¶ 26.)

On October 21, 2022, defendants UEG and Gherasim filed the pending motion to dismiss plaintiffs' complaint on the grounds that they neither signed the contract with plaintiffs nor

1  actually transported their household goods. (Doc. No. 15 at 5.) Rather, the moving defendants
2  argue in their pending motion that "the responsible [household goods] motor carrier against
3  whom this lawsuit should be litigated" is defendant Long Distance Moving Experts, Inc.
4  ("LDME") dba People Movers. (*Id.* at 9.) The moving defendants have attached as exhibits to
5  their motion to dismiss other U.S. DOT "motor carrier details" records purporting to show that
6  defendant LDME is also doing business as People Movers and using the same mailing address as
7  the mailing address used by defendant UEG dba People Movers, albeit with a different U.S. DOT
8  identification number and docket number—defendant LDME has DOT # 3078650 and docket
9  number MC00065379 whereas defendant UEG has DOT # 3737346 and docket number
10 MC01321644.[1] (Doc. No. 15-1 at 19.) In essence, the moving defendants contend there are two
11 legally distinct entities, both of which do business as People Movers, and both of which use the
12 same mailing address. According to the moving defendants, the "People Movers" entity that
13 contracted with plaintiffs is defendant LDME, while the other "People Movers" entity (moving
14 defendants UEG and Gherasim)—has no relation to this case or the plaintiffs.

15       On November 3, 2022, plaintiffs filed an opposition to the pending motion, reiterating
16 their allegations that each defendant is the alter ego of, and doing business as, each other
17 defendant, making all six defendants liable on the contract for the damage done to their household
18 goods. (Doc. No. 19.) On November 17, 2022, defendants filed a reply to plaintiffs' opposition,
19 arguing that plaintiffs have failed to allege sufficient facts in their complaint in support of their
20 alter ego, agency, or joint venture theories of liability. (Doc. No. 21.)

21                                        **LEGAL STANDARD**

22       The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal
23 sufficiency of the complaint. *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir.
24 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of
25 sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901

26

27 [1] The different U.S. DOT identification and docket numbers of these entities are also alleged in plaintiffs' complaint and are reflected in the motor carrier records attached as exhibits thereto.
28 (*See* Doc. No. 1 at 2–3, 23, 27.)

F.2d 696, 699 (9th Cir. 1990).  A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff.  *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).  However, the court need not assume the truth of legal conclusions cast in the form of factual allegations. *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986).  While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.  A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 676 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  It is inappropriate to assume that the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

In ruling on a motion to dismiss under Rule 12(b)(6), the court is permitted to consider material that is properly submitted as part of the complaint, documents that are not physically attached to the complaint if their authenticity is not contested and the plaintiffs' complaint necessarily relies on them, and matters of public record.  *Lee v. City of Los Angeles*, 250 F.3d. 668, 688-689 (9th Cir. 2001).

## ANALYSIS

The moving defendants seek dismissal of plaintiffs' claims against them on the grounds that they "are NOT the household goods [] motor carrier that contracted to transport, or actually transported, the plaintiffs' shipment." (Doc. No. 15 at 4.)  Below, the court will address whether

/////

plaintiffs have alleged sufficient facts in support of their claims brought against defendants UEG and Gherasim under alter ego, agency, and joint venture theories of liability.

**A.     Alter Ego Liability**

Plaintiffs allege that all defendants are liable to them as the alter egos of each other named defendant. (Doc. No. 1 at ¶ 12.)

     1.     Legal Standard

Alter ego liability permits a plaintiff to "pierce the corporate veil" when certain circumstances are present. *Pac. Gulf Shipping Co. v. Vigorous Shipping & Trading S.A.*, 992 F.3d 893, 898 (9th Cir. 2021).

California alter ego law applies to the claims plaintiffs have brought under state law. *Pizana v. SanMedica Int'l LLC*, __F.R.D.__, 2022 WL 1241098, at *13 (E.D. Cal. Apr. 27, 2022). For the claims plaintiffs have brought under federal law, the Ninth Circuit has not considered whether the "generalized federal substantive law on disregard of [the] corporate entity" that has been applied in some federal question cases is applicable in cases arising under the federal statutes invoked here. *Ministry of Def. of the Islamic Republic of Iran v. Gould*, 969 F.2d 764, 769 (9th Cir. 1992). In any event, as discussed in more detail below, California law with respect to alter ego liability is "substantially similar" to that under federal law as interpreted by the Ninth Circuit. *Id.* at 769 n.3. Most importantly, given the paucity of allegations appearing in plaintiffs' complaint, the determination of whether plaintiffs have sufficiently alleged that defendants Gherasim and UEG are alter egos of any other named defendants will not turn upon whether state or federal law is found to apply.

Under California law, alter ego liability requires two conditions to be met: "First, where 'there is such a unity of interest and ownership that the individuality, or separateness, of the said person and corporation has ceased;' and, second, where 'adherence to the fiction of the separate existence of the corporation would . . . sanction a fraud or promote injustice." *In re Schwarzkopf*, 626 F.3d 1032, 1038 (9th Cir. 2010) (quoting *Wood v. Elling Corp.*, 20 Cal. 3d 353, 365 n.9 (1977)).

/////

Similarly, under federal law the party asserting alter ego liability must allege and show that "the controlling corporate entity exercise[s] total domination of the subservient corporation, to the extent that the subservient corporation manifests no separate corporate interests of its own." *Pac. Gulf Shipping*, 992 F.3d at 898. As to the second required showing, "it is not clear whether the Ninth Circuit requires fraud . . . or if injustice is sufficient." *Successor Agency to Former Emeryville Redev. Agency and City of Emeryville v. Swagelok Co.*, No. 3:17-cv-00308-WHO, 2023 WL 3805256, at *4 & n.3 (N.D. Cal. June 1, 2023). In *Pacific Gulf Shipping*, a case applying maritime law, the court expressly required "a conjunctive test: there must be domination and control *and* injustice from not piercing the veil *and* some form of ill intent." *Pac. Gulf Shipping*, 992 F.3d at 899. In several earlier decisions, the Ninth Circuit employed a disjunctive test, requiring "fraud *or* injustice." *See, e.g.*, *Williams v. Yamaha Motor Co.*, 851 F.3d 1015, 1021 (9th Cir. 2017) (emphasis added) (quoting *Ranza v. Nike*, 793 F.3d 1059, 1073 (9th Cir. 2015)).[2]

In application, both tests consider many factors, none of which is dispositive. *Pac. Gulf Shipping*, 992 F.3d at 898; *Misik v. D'Arco*, 197 Cal. App. 4th 1065, 1073 (2011). These factors overlap almost entirely; a partial list of overlapping factors includes: the disregard of corporate formalities; inadequate capitalization; commingling of personal and corporate funds; shared corporate directors and officers; shared offices or addresses; and holding oneself out as responsible for the debts of the corporation. *Pac. Gulf Shipping*, 992 F.3d at 898; *Misik*, 197 Cal. App. 4th at 1073.

2. <u>Application to Defendants UEG and Gherasim</u>

Under either California or federal law, plaintiffs have not sufficiently alleged in their complaint that defendants UEG and Gherasim are alter egos of any other defendant. Rather, it appears plaintiffs' "allegations attempt to round up [all] proposed defendants in a conclusory, one-size-fits-all fashion by alleging that all of the proposed defendants were alter egos of each

---

[2] The court need not determine whether the applicable test is disjunctive or conjunctive, however, because the outcome of this motion will not turn on that question. However, to the extent plaintiffs intend to proceed on an alter ego theory of liability, the parties should plan on addressing this question and gathering legal authority in support of their respective positions.

1  other at all relevant times." *Pizana*, 2022 WL 1241098, at *14.  As noted, in their complaint, plaintiffs merely allege that all defendants "are alter egos of each of the other based upon their undercapitalization, commingling of funds, and disregard for corporate formalities."  (Doc. No. 1 at ¶ 11.)  This is "a formulaic recitation of the elements" of alter ego liability and thus insufficient to meet the pleading standard.  *Twombly*, 550 U.S. at 555.

Plaintiffs have alleged no facts in support of their assertion that defendant Gherasim is the alter ego of any other defendant, save for defendant UEG.  As discussed above, plaintiffs have alleged that defendant Gherasim is the CEO, Secretary, CFO, Director, and agent for service of process of defendant UEG.  (Doc. No. 1 at 19–20.)  However, this allegation is far from sufficient for purposes of alleging alter ego liability.  "It is fundamental, of course, that a 'corporation is a distinct legal entity separate . . . from its officers.'"  *Merco Constr. Eng'rs, Inc. v. Mun. Ct.*, 21 Cal. 3d 724, 729 (1978) (quoting *Maxwell Cafe v. Dep't of Alcoholic Beverage Control*, 142 Cal. App. 2d 73, 78 (1956)).  Here, "there is a dearth of alleged facts addressing any of the remaining factors that courts are to consider in determining alter ego liability."  *Pizana*, 2022 WL 1241098, at *14; *see also Canadian Tire Co. v. Discount Shoe Stores, Inc.*, No. 16-cv-01008-TJH-E, 2016 WL 10586288, at *2 (C.D. Cal., Sept. 28, 2016) (concluding that the plaintiff's "alter ego allegations are conclusory and lack a sufficient factual basis" because while plaintiff "alleges that [individual defendants] were officers of [another corporate defendant], it did not allege that [the individual defendants] were shareholders of any of the corporate Defendants, whether there was a commingling of personal and corporate assets, whether [the individual defendants] held themselves out as being liable for the debts or obligations of another Defendant, etc.").

Plaintiffs have alleged only one additional fact in support of their alter ego theory of liability as to defendant UEG.  As discussed above, plaintiffs have alleged that defendant UEG lists its business and mailing address at 5025 Arnold Avenue.  (Doc. No. 1 at 23.)  Plaintiffs have also alleged that defendant LDME is "operating out of the location at 5025 Arnold Avenue,

/////

/////

/////

7

1 McClellan Park, California 95652." (*Id.* at 3.)[3]  However, "shared office space and phone

2 numbers" have been recognized as some of the more "superficial indicia of interrelatedness" and

3 as insufficient to support alter ego allegations on their own. *Pac. Gulf Shipping Co.*, 992 F.3d at

4 898.  Thus, despite plaintiffs alleging this one additional fact in support of their alter ego theory

5 of liability as to defendant UEG, the court nevertheless finds that their scarce allegations are

6 insufficient to state a cognizable claim based on an alter ego theory of liability.

7 Accordingly, the court will grant the moving defendants' motion to dismiss plaintiffs'

8 claims against them to the extent those claims are based on an alter ego theory of liability.

**B.   Agency Liability**

Plaintiffs have also alleged that each defendant is the agent of each other defendant. (Doc. No. 1 at ¶ 14.)  To survive the moving defendants' motion to dismiss plaintiffs' claims to the extent those claims are based on agency liability, plaintiffs must allege facts sufficient to show, if proven, that each moving defendant has an agency relationship with another defendant, and that the agent's conduct renders the moving defendant liable for the damage to plaintiffs' property.

"The essential characteristics of an agency relationship as laid out in the Restatement are as follows:  (1) [a]n agent or apparent agent holds a power to alter the legal relations between the principal and third persons and between the principal and himself; (2) an agent is a fiduciary with respect to matters within the scope of the agency; and (3) a principal has the right to control the conduct of the agent with respect to matters entrusted to him." *Garlock Sealing Techs., LLC v. NAK Sealing Techs. Corp.*, 148 Cal. App. 4th 937, 964 (2007) (quoting *Alvarez v. Felker Mfg. Co.*, 230 Cal. App. 2d 987, 999 (1964)).  "Although the precise details of the agency relationship need not be pleaded to survive a motion to dismiss, sufficient facts must be offered to support a reasonable inference that an agency relationship existed." *Kreiser v. Asset Mgmt. Grp., Inc.*, No. 20-cv-01794-JVS-DFM, 2021 WL 3579414, at *3 (C.D. Cal. Apr. 23, 2021) (citing *Imageline, Inc. v. CafePress.com, Inc.*, No. 10-cv-9794-PSG-MAN, 2011 WL 1322525, at *4

---

[3] The moving defendants do not contest this allegation.  Indeed, the moving defendants have attached to their motion a U.S. DOT document purporting to list defendant LDME as having that same address. (Doc. No. 15-1 at 19.)

8

1  (C.D. Cal. Apr. 6, 2011)). Moreover, "a plaintiff 'must allege facts demonstrating the principal's control over its agent.'" *Jones v. Aegis Wholesale Corp.*, No. 15-cv-01134-JAM-CKD, 2015 WL 9260837, at *2 (E.D. Cal. Dec. 18, 2015) (quoting *Imageline*, 2011 WL 1322525, at *4).

Here, plaintiffs allege that all defendants "are, and at all times herein were, the agents, joint ventures, officers, members, representatives, servants, consultants, or employees of their co-defendants, and in committing the acts herein allege [sic], were acting within the scope of such affiliation with knowledge, permission, consent or subsequent ratification of their co-defendants." (Doc. No. 1 at ¶ 14.) These allegations "are rote and do not contain any factual details." *Dakavia Mgmt. Corp. v. Bigelow*, No. 20-cv-00448-NONE-SKO, 2022 WL 104245, at *7 (E.D. Cal. Jan. 10, 2022). Plaintiffs have not alleged any facts suggesting that any of the other named defendants were acting as defendant Gherasim's agent such that defendant Gherasim could be held liable for their acts. Accordingly, the court will grant the moving defendants' motion to dismiss plaintiffs' claims brought against defendant Gherasim to the extent those claims are based on an agency theory of liability.

However, the same does not follow as to defendant UEG because "a corporation is liable for the acts of its officers and directors so long as they are acting within the scope of their agency for the corporation." *Bakst v. Cmty. Mem'l Health Sys., Inc.*, No. 09-cv-08241-MMM-FFM, 2011 WL 13214315, at *4 (C.D. Cal. Mar. 7, 2011) (citing *Signal Oil & Gas Co. v. Ashland Oil & Refin. Co.*, 49 Cal. 2d 764, 779 (1958)). "It has long been settled that '[t]he Directors are the chosen representatives of the corporation, and constitute, . . . to all purposes of dealing with others, the corporation. What they do within the scope of the objects and purposes of the corporation, the corporation does.'" *Signal Oil*, 49 Cal. 2d at 779 (quoting *Maynard v. Fireman's Fund Ins. Co.*, 34 Cal. 48, 57 (1867)). Plaintiffs have attached documents to their complaint showing that defendant Gherasim is the director of defendant UEG, as well as its CEO, CFO, secretary, and agent for purposes of service of process. (Doc. No. 1 at 19–20.) Plaintiffs have thus alleged sufficient facts to support a reasonable inference that defendant Gherasim is the agent of defendant UEG. However, plaintiffs have not alleged any facts that, if proven, would establish that defendant Gherasim caused damage to plaintiffs' property while acting within the

9

scope of her agency for defendant UEG.  Accordingly, the court will grant the moving defendants' motion to dismiss plaintiffs' claims against defendant UEG to the extent those claims are based on an agency theory of liability.

**C.   Joint Venture Liability**

Plaintiffs have alleged that each named defendant is engaged in a joint venture with each other defendant. (Doc. No. 1 at ¶ 14.)  To survive defendants' motion to dismiss, plaintiffs must sufficiently allege that each defendant was engaged in a joint venture with an entity that is alleged to be liable to plaintiffs.

"To establish a joint venture under California law, Plaintiffs must show 'an agreement between the parties under which they have a community of interest, that is, a joint interest, in a common business undertaking, an understanding as to the sharing of profits and losses, and a right of joint control.'"  *Ratha v. Phatthana Seafood Co.*, 35 F.4th 1159, 1173 (9th Cir. 2022) (quoting *Connor v. Great W. Sav. & Loan Ass'n*, 69 Cal. 2d 850, 863 (1968)).

The full extent of plaintiffs' allegations in this regard is the same single sentence in their complaint referenced above for agency liability, namely that all named defendants "are, and at all times herein were, the . . . joint ventures . . . of their co-defendants." (Doc. No. 1 at ¶ 14.) Plaintiffs do not state, let alone sufficiently allege, any agreement between any defendants. This "[t]hreadbare recital" of a cause of action, and not even its elements, fails to meet the applicable pleading standard.  *Iqbal*, 556 U.S. at 676.  Accordingly, the court will grant the moving defendants' motion to dismiss plaintiffs' claims against them to the extent those claims are based on a theory of joint venture liability.

**D.   Leave to Amend**

Leave to amend should be granted "freely" when justice so requires.  Fed. R. Civ. P. 15(a). The Ninth Circuit maintains a policy of "extreme liberality generally in favoring amendments to pleadings."  *Rosenberg Bros. & Co. v. Arnold*, 283 F.2d 406, 406 (9th Cir. 1960). Reasons "such as undue delay, bad faith or dilatory motive . . . repeated failure to cure deficiencies . . . undue prejudice to the opposing party . . . [or] futility" may support denial of leave to amend.  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  A district court "should grant leave

to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Servs.*, 911 F.2d 242, 247 (9th Cir. 1990).

Plaintiffs will be granted leave to amend their complaint, since it appears that plaintiffs may be able to cure the pleading deficiencies noted above and amendment would therefore not be futile here. Specifically, if plaintiffs can allege additional facts, such as facts suggesting a commingling of funds, or a disregard of the corporate form, it may be possible for plaintiffs to sufficiently allege alter ego liability. Similarly, it appears that plaintiffs may be able to add sufficient factual allegations to state cognizable claims against the moving defendants under agency and joint venture theories of liability.

## CONCLUSION

For the reasons explained above,

1. The motion to dismiss plaintiffs' claims based on alter ego, agency, or joint venture theories of liability brought on behalf of defendants United Express Group, Inc. and Petrea Gherasim (Doc. No. 15) is granted, with leave to amend; and

2. Any first amended complaint that plaintiffs elect to file in this action (or notice that no first amended complaint will be filed) shall be filed within twenty-one (21) days after the date of entry of this order.

IT IS SO ORDERED.

Dated:  **September 29, 2023**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE