
UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMBER WOO, et al.,<br><br>        Plaintiffs,<br><br>   v.<br><br>UNITED EXPRESS GROUP, INC., et al.,<br><br>        Defendants. | No. 2:22-cv-01253-DAD-JDP<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS UNITED EXPRESS GROUP, INC., AND PETREA GHERASIM'S MOTION TO DISMISS SOME OF PLAINTIFFS' CLAIMS<br><br>(Doc. No. 27) |

    This matter came before the court on December 19, 2023 for a hearing on the motion to dismiss filed by defendants United Express Group, Inc. ("UEG") and Petrea Gherasim (collectively, "the moving defendants") on November 2, 2023. (Doc. No. 27.) Attorney Erica St. Louis appeared by video on behalf of plaintiffs, and attorney Miles Kavaller appeared by video on behalf of the moving defendants. (Doc. No. 33.) For the reasons explained below, the moving defendants' motion to dismiss will be granted in part and denied in part.

**BACKGROUND**

    In their operative first amended complaint ("FAC"), plaintiffs Amber Woo and Stephen Woo allege as follows. Each defendant is doing business under the fictitious business name "People Movers," each defendant has presented themselves to plaintiffs as "People Movers," and each defendant uses the same address in McClellan Park, California. (Doc. No. 26 at ¶ 5–10, 18.)

Defendant Nicolae Gutu is an individual who is the owner, designated officer, and alter ego of defendants Long Distance Moving Experts, Inc. ("LDME"), Satellite Logistics, Inc. ("SATLOG"), and People Movers California, Inc. ("PMCA") (collectively, including defendant Gutu, "the non-moving defendants"). (*Id.* at ¶ 9.)

In August 2017, defendant Gherasim was an employee of defendants Gutu and SATLOG, and in May 2019, defendant Gherasim relocated to California to continue working for Gutu and SATLOG. (*Id.* at ¶ 13.) Defendant Gherasim then became the manager of defendant LDME's California branch. (*Id.* at ¶ 14.)

In June 2019, defendant Gherasim, an individual, formed another moving company, defendant UEG, to compete with his employers, defendants Gutu and LDME, without notifying his employers of his actions in this regard. (*Id.* at ¶ 15.) Defendant Gherasim is the owner, designated officer, CEO, CFO, secretary, director, agent for service of process, alter ego, and agent of defendant UEG. (*Id.* at ¶ 10; *see also id.* at 20–21.)

Defendants Gherasim and UEG filed documents on their own behalf with the United States Department of Transportation ("USDOT") reflecting their use of the same McClellan Park address used by defendant LDME. (*Id.*) Defendants Gherasim and UEG also used the same fictitious business name, "People Movers," as defendant LDME in order to confuse potential customers. (*Id.*) Because defendant Gherasim continued to work for defendants Gutu and LDME throughout this period, defendants Gherasim and UEG had access to defendant LDME's client lists. (*Id.* at ¶ 16.) Defendants Gherasim and UEG were then able to obtain revenue by transporting the household goods of customers who believed they were in fact dealing with defendant LDME. (*Id.*) Indeed, on July 25, 2022, defendant LDME filed suit against defendants Gherasim and UEG in the Northern District of Illinois, alleging that defendants Gherasim and UEG had engaged in fraudulent conduct and were impersonating defendants Gutu and LDME.

/////
/////
/////
/////

2

(*Id.* at ¶ 17); *see Long Distance Moving Experts*, No. 1:22-cv-03833-NLM, Compl., Doc. No. 1 at 3–8 (N.D. Ill. July 25, 2022).[1]

      Plaintiffs further allege as follows.  All of the named defendants were responsible for shipping plaintiffs' household goods in October 2021.  (*Id.* at ¶ 11.)  Due to defendants' short-staffed crew and negligent haste to move plaintiffs' household goods, nearly the entire shipment was significantly damaged or missing upon its delivery to plaintiffs' home.  (*Id.* at ¶ 36–37.)  The bill of lading used to ship plaintiffs' household goods did reflect the USDOT number registered to defendant LDME.  (*Id.* at ¶ 19.)  On November 11, 2021, plaintiffs corresponded with someone purporting to be defendant Gutu regarding the shipping problems they were experiencing (*id.*; *see also id.* at 177–180), though plaintiffs are unsure whether that person was in fact defendant Gutu or if that person was instead defendant Gherasim pretending to be Gutu (*id.* at ¶ 44).  In any event, defendant Gherasim misrepresented to plaintiffs the identity of the company that was providing the shipping services for plaintiffs' household goods.  (*Id.* at ¶ 20.)

      On February 8, 2022, plaintiffs, through counsel, filed a claim with an entity calling itself "People Movers."  (*Id.* at ¶ 41.)  On March 7, 2022, a person purporting to be an employee of that same "People Movers" entity sent an email to plaintiff's counsel, explaining that plaintiffs needed to file their claim using a link on the PeopleMoversUS.com website.  (*Id.* at ¶ 42; *see also id.* at 165.)  On March 8, 2022, plaintiffs' counsel replied to that email and explained that the link on the website directed plaintiffs to send the claim information by certified mail to the McClellan Park address, which plaintiffs had done.  (*Id.* at ¶ 42; *see also id.* at 167.)  Subsequent attempts by plaintiffs to communicate with that "People Movers" entity failed.  (Doc. No. 26 at ¶ 43.)

---

[1]  Plaintiffs direct the court's attention to the complaint filed in that Northern District of Illinois case, *Long Distance Moving Experts*, No. 1:22-cv-03833-NLM.  In the pending motion to dismiss, the moving defendants also request that the court take judicial notice of the docket in that case and have attached a copy of the docket as an exhibit to the pending motion.  (Doc. No. 27 at 2, 12.)  Because that civil case docket and the documents contained therein are matters of public record and their existence is not subject to reasonable dispute, the court will grant defendant's request for judicial notice.  *See United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007) (noting that a court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue").  The court also notes that on September 30, 2022, the complaint in that case was dismissed due to failure to prosecute.  *Long Distance Moving Experts*, No. 1:22-cv-03833-NLM, Order, Doc. No. 5.

1     On July 14, 2022, plaintiffs filed the complaint initiating this action against six named
2 defendants (People Movers California, Inc.; Long Distance Moving Experts, Inc.; Satellite
3 Logistics, Inc.; Nicolae Gutu; United Express Group, Inc.; and Petrea Gherasim), as well as
4 unnamed Doe defendants 1–50, alleging that all of the named defendants had engaged in
5 fraudulent business practices and were responsible for damaging or destroying plaintiffs' personal
6 property (household goods) while transporting that property across the country.  (Doc. No. 1.)  On
7 October 21, 2022, the moving defendants filed a motion to dismiss plaintiffs' claims brought
8 against them to the extent that those claims were premised on alter ego, agency, or joint venture
9 theories of liability.  (Doc. No. 15.)  The motion was granted on September 29, 2023, with
10 plaintiffs being granted leave to amend their complaint.  (Doc. No. 25.)
11    On October 20, 2023, plaintiffs filed the FAC, which asserts the following claims against
12 the same, originally named, defendants:  (1) violation of the Carmack Amendment, 49 U.S.C.
13 § 14706; (2) unlawful carrier activity in violation of 49 U.S.C. §§ 13902, 14707, 14901, 14912;
14 (3) violation of a federal consumer protection statute governing household goods carriers, 49
15 U.S.C. § 14104; and (4) unfair and unlawful business practices in violation of California Business
16 and Professions Code §§ 17200, *et seq*., 19235, 19237, California Corporations Code § 191, and
17 California Revenue and Taxation Code § 23101.  (Doc. No. 26.)
18    On November 2, 2023, moving defendants UEG and Gherasim filed the pending motion
19 to dismiss plaintiffs' claims brought against them, again on the grounds that plaintiffs have failed
20 to sufficiently allege alter ego, agency, or joint venture theories of liability against the moving
21 defendants.  (Doc. No. 27.)  On November 17, 2023, plaintiffs filed their opposition to the
22 pending motion.  (Doc. No. 28.)  On November 28, 2023, the moving defendants filed their reply
23 thereto.  (Doc. No. 31.)  On December 4, 2023, the moving defendants filed an unauthorized
24 surreply.  (Doc. No. 32.)

## LEGAL STANDARD

26     The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal
27 sufficiency of the complaint.  *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir.
28 1983).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of

4

sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). However, the court need not assume the truth of legal conclusions cast in the form of factual allegations. *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 676 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). It is inappropriate to assume that the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

In ruling on a motion to dismiss brought under Rule 12(b)(6), the court is permitted to consider material that is properly submitted as part of the complaint, documents that are not physically attached to the complaint if their authenticity is not contested and the plaintiffs' complaint necessarily relies on them, and matters of public record. *Lee v. City of Los Angeles*, 250 F.3d. 668, 688-689 (9th Cir. 2001).

/////

/////

/////

/////

# ANALYSIS

## A. Alter Ego Liability

### 1. Legal Standard

Alter ego liability permits a plaintiff to "pierce the corporate veil" when certain circumstances are present. *Pac. Gulf Shipping Co. v. Vigorous Shipping & Trading S.A.*, 992 F.3d 893, 898 (9th Cir. 2021).

California alter ego law applies to the claims that plaintiffs have brought under state law. *Pizana v. SanMedica Int'l LLC*, No. 1:18-cv-00644-DAD-SKO, 2022 WL 1241098, at *13 (E.D. Cal. Apr. 27, 2022). For the claims brought under federal law, the Ninth Circuit has not considered whether the "generalized federal substantive law on disregard of [the] corporate entity" that has been applied in some federal question cases is also applicable in cases arising under the federal statutes invoked by plaintiffs here. *Ministry of Def. of the Islamic Republic of Iran v. Gould*, 969 F.2d 764, 769 (9th Cir. 1992). In any event, as discussed in more detail below, California law with respect to alter ego liability is "substantially similar" to that under federal law as interpreted by the Ninth Circuit. *Id.* at 769 n.3.

Under California law, alter ego liability requires two conditions to be met: "First, where 'there is such a unity of interest and ownership that the individuality, or separateness, of the said person and corporation has ceased;' and, second, where 'adherence to the fiction of the separate existence of the corporation would . . . sanction a fraud or promote injustice." *In re Schwarzkopf*, 626 F.3d 1032, 1038 (9th Cir. 2010) (quoting *Wood v. Elling Corp.*, 20 Cal. 3d 353, 365 n.9 (1977)).

Similarly, under federal law the party asserting alter ego liability must first allege and show that "the controlling corporate entity exercise[s] total domination of the subservient corporation, to the extent that the subservient corporation manifests no separate corporate interests of its own." *Pac. Gulf Shipping*, 992 F.3d at 898. As to the second required showing, "it is not clear whether the Ninth Circuit requires fraud . . . or if injustice is sufficient." *Successor Agency to Former Emeryville Redev. Agency and City of Emeryville v. Swagelok Co.*, No. 3:17-cv-00308-WHO, 2023 WL 3805256, at *4 & n.3 (N.D. Cal. June 1, 2023). The court need not

determine whether injustice suffices or whether fraud is required in resolving the pending motion, because, as explained below, it concludes that plaintiffs have sufficiently alleged both.

In application, the state and federal tests both consider many factors, none of which is dispositive. *Pac. Gulf Shipping*, 992 F.3d at 898; *Misik v. D'Arco*, 197 Cal. App. 4th 1065, 1073 (2011). These factors overlap almost entirely and are not exhaustive. A partial list of overlapping factors includes: shared corporate directors and officers; shared offices or addresses; the disregard of corporate formalities; inadequate capitalization; commingling of personal and corporate funds; and holding oneself out as responsible for the debts of the corporation. *Pac. Gulf Shipping*, 992 F.3d at 898; *Misik*, 197 Cal. App. 4th at 1073. Another relevant factor is "the concealment and misrepresentation of the identity of the responsible ownership, management and financial interest, or concealment of personal business activities." *Greenspan v. LADT, LLC*, 191 Cal. App. 4th 486, 513 (2010) (citation omitted). "Because it is founded on equitable principles, application of the alter ego [doctrine] 'is not made to depend upon prior decisions involving factual decisions which appear to be similar.'" *Las Palmas Assocs. v. Las Palmas Ctr. Assocs.*, 235 Cal. App. 3d 1220, 1248 (1991) (citation omitted). Instead, "[i]t is the general rule that the conditions under which a corporate entity may be disregarded vary according to the circumstances of each case." *JPV I L.P. v. Koetting*, 88 Cal. App. 5th 172, 195 (2023) (quoting *Las Palmas Assocs.*, 235 Cal. App. 3d at 1248).

        2.       <u>Application to Defendants UEG and Gherasim</u>

In their FAC, plaintiffs have alleged that defendants UEG and Gherasim are alter egos, that the corporate veil must therefore be pierced, and that defendant Gherasim is thus liable for the conduct of defendant UEG. (Doc. No. 26 at ¶ 10, 21.) As they did in their motion to dismiss plaintiffs' original complaint, the moving defendants again argue in the pending motion that there are two legally distinct shipping companies, both of which do business as People Movers, and both of which use the same mailing address. (Doc. No. 27 at 3.) According to the moving defendants, the "People Movers" entity that contracted with plaintiffs is defendant LDME, while

/////

/////

the other "People Movers" entity—moving defendants UEG and Gherasim—has no relation to this case or to the plaintiffs.  (*Id.*)[2]

Plaintiffs' allegations in their FAC are, however, plainly sufficient to support the reasonable inference that defendant Gherasim is the alter ego of defendant UEG.  Plaintiffs allege that defendant Gherasim secretly formed defendant UEG as a competitor to the non-moving defendants while still employed by them; that defendant Gherasim is the "owner, designated officer, operator," CEO, CFO, secretary, director, and agent for service of process of defendant UEG; that defendant Gherasim registered defendant UEG with the USDOT at the same address occupied by defendant LDME; that defendant UEG used the same name ("People Movers") as defendant LDME in an attempt to confuse customers; that defendants UEG and Gherasim stole defendant LDME's client lists to siphon away business from the non-moving defendants; that defendant Gherasim misrepresented to plaintiffs the identity of the company that had contracted to move plaintiffs' household goods; and that plaintiffs were among the understandably confused consumers injured by the conduct of defendants UEG and Gherasim.  (*See* Doc. No. 26 at ¶¶ 10, 15, 16, 20, 21); *see also Long Distance Moving Experts*, No. 1:22-cv-03833-NLM, Compl., Doc. No. 1 at 2 (N.D. Ill.).[3]

The allegations of plaintiffs' FAC thereby provide a sufficient basis upon which to assert a "unity of interest and ownership," or "total domination," by defendant Gherasim of defendant UEG, as well as to assert that failing to pierce the corporate veil would sanction a fraud.  *See Pac.*

---

[2] In their unauthorized surreply, the moving defendants appear to also argue that plaintiffs' theories of alter ego liability are themselves claims, and that these state law alter ego "claims" are preempted by the Carmack Amendment, 49 U.S.C. § 14706.  (Doc. No. 32 at 3–6.)  The moving defendants contend that even plaintiffs' Carmack Amendment claim is preempted by the Carmack Amendment, to the extent that plaintiffs seek to hold the moving defendants liable based on an alter ego theory of liability.  (*Id.*)  The moving defendants cite to no authority supporting their position that alter ego theories of liability are somehow claims subject to preemption by the Carmack Amendment.  The court therefore finds their argument in this regard to be wholly unpersuasive.

[3] At the December 19, 2023 hearing, defendants' counsel claimed that plaintiffs had not alleged any facts in their FAC supporting their contention that the moving defendants were impersonating the non-moving defendants.  Defendants' argument in this regard is also unpersuasive, as the allegations reviewed above clearly show.

*Gulf Shipping*, 992 F.3d at 898–99; *In re Schwarzkopf*, 626 F.3d at 1038 (quoting *Wood*, 20 Cal. 3d at 365 n.9); *cf. Pac. Bell Tel. Co. v. 88 Connection Corp.*, No. 15-cv-04554-LB, 2016 WL 3257656, at *3 (N.D. Cal. June 14, 2016) ("The alter ego doctrine prevents individuals or other corporations from misusing the corporate laws by the device of a sham corporate entity formed for the purpose of committing fraud or other misdeeds.") (quoting *Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 538 (2000)); *Farmers Ins. Co. of Ariz. v. DNS Auto Glass Shop LLC*, 2022 WL 845191, at *4 (D. Ariz. Mar. 22, 2022) ("The court is mindful that many of the factors relevant to piercing the corporate veil are matters of internal corporate operation not typically known to the outside world or to parties adversely affected by alleged corporate misconduct.").

    Accordingly, the moving defendants' motion to dismiss plaintiffs' claims brought against defendant Gherasim, to the extent that those claims are premised on piercing the corporate veil and finding defendant Gherasim to be the alter ego of defendant UEG, will be denied.

**B.    Agency Liability**

    1.    <u>Legal Standard</u>

    "The essential characteristics of an agency relationship as laid out in the Restatement are as follows:  (1) [a]n agent or apparent agent holds a power to alter the legal relations between the principal and third persons and between the principal and himself; (2) an agent is a fiduciary with respect to matters within the scope of the agency; and (3) a principal has the right to control the conduct of the agent with respect to matters entrusted to him." *Garlock Sealing Techs., LLC v. NAK Sealing Techs. Corp.*, 148 Cal. App. 4th 937, 964 (2007) (quoting *Alvarez v. Felker Mfg. Co.*, 230 Cal. App. 2d 987, 999 (1964)).  "Although the precise details of the agency relationship need not be pleaded to survive a motion to dismiss, sufficient facts must be offered to support a reasonable inference that an agency relationship existed." *Kreiser v. Asset Mgmt. Grp., Inc.*, No. 20-cv-01794-JVS-DFM, 2021 WL 3579414, at *3 (C.D. Cal. Apr. 23, 2021) (citation omitted).  Moreover, "a plaintiff must 'allege facts demonstrating the principal's control over its agent.'" *Jones v. Aegis Wholesale Corp.*, No. 15-cv-01134-JAM-CKD, 2015 WL 9260837, at *2 (E.D. Cal. Dec. 18, 2015) (citation omitted).

1              2.      Application to Defendants UEG and Gherasim

In resolving the pending motion, the relevant question is whether any defendant was an agent of one of the moving defendants, such that that moving defendant can be held liable for their agent's alleged misconduct.[4] On that point, plaintiffs allege that defendant Gherasim was an agent of defendant UEG during the relevant times. (Doc. No. 26 at ¶¶ 21.)

"[A] corporation is liable for the acts of its officers and directors so long as they are acting within the scope of their agency for the corporation." *Bakst v. Cmty. Mem'l Health Sys., Inc.*, No. 09-cv-08241-MMM-FFM, 2011 WL 13214315, at *4 (C.D. Cal. Mar. 7, 2011) (citing *Signal Oil & Gas Co. v. Ashland Oil & Refin. Co.*, 49 Cal. 2d 764, 779 (1958)). "It has long been settled that '[t]he Directors are the chosen representatives of the corporation, and constitute, . . . to all purposes of dealing with others, the corporation. What they do within the scope of the objects and purposes of the corporation, the corporation does.'" *Signal Oil*, 49 Cal. 2d at 779 (quoting *Maynard v. Fireman's Fund Ins. Co.*, 34 Cal. 48, 57 (1867)). Plaintiffs have attached documents to their FAC purporting to show that defendant Gherasim is the director of defendant UEG, as well as its CEO, CFO, secretary, and agent for purposes of service of process. (Doc. No. 26 at 20–21.) Moreover, it is easily inferred from the allegations of plaintiffs' FAC that defendant Gherasim's alleged dealings with and misrepresentations to plaintiffs were within the scope of his agency for UEG. Plaintiffs have therefore sufficiently alleged that defendant Gherasim was an agent of defendant UEG during the relevant times.

Accordingly, the moving defendants' motion to dismiss plaintiffs' claims against defendant UEG, to the extent that those claims are premised on defendant UEG's liability for the conduct of its agent, defendant Gherasim, will also be denied.

/////

/////

---

[4] In the pending motion to dismiss and plaintiffs' opposition thereto, the parties argue over whether the moving defendants were agents of other non-moving defendants. (Doc. Nos. 27 at 7–8; 28 at 5–6.) Because the moving defendants' liability does not turn on this question, it is irrelevant to the resolution of the pending motion. The court therefore declines to consider those irrelevant arguments.

10

**C.    Joint Venture Liability**

In the order granting the moving defendants' motion to dismiss plaintiffs' original complaint, the court summarized plaintiffs' conclusory allegations of joint venture liability and stated as follows:

> The full extent of plaintiffs' allegations in this regard is the same single sentence in their complaint referenced above for agency liability, namely that all named defendants "are, and at all times herein were, the . . . joint ventures . . . of their co-defendants." (Doc. No. 1 at ¶ 14.)  Plaintiffs do not state, let alone sufficiently allege, any agreement between any defendants.  This "[t]hreadbare recital" of a cause of action, and not even its elements, fails to meet the applicable pleading standard.  *Iqbal*, 556 U.S. at 676.

(Doc. No. 25 at 10.)

The same deficiency is still true of plaintiffs' FAC with respect to their joint venture liability claim.  (*See* Doc. No. 26 at ¶ 25.)  In their opposition to the pending motion, plaintiffs make no mention of joint venture liability and certainly do not point to any allegations supporting such a claim in their FAC.  At the December 19, 2023 hearing, plaintiffs' counsel conceded that the granting of further leave to amend as to this theory of liability would be futile at this time since plaintiffs had alleged all the facts of which they are currently aware.

Accordingly, the moving defendants' motion to dismiss plaintiffs' claims against them, to the extent that those claims are based on a theory of joint venture liability, will be granted without leave to amend.  *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (noting that "repeated failure to cure deficiencies" or "futility" may support denial of leave to amend).

**CONCLUSION**

For the reasons explained above,

1.  The motion to dismiss filed by defendants United Express Group, Inc. and Petrea Gherasim (Doc. No. 27) is granted in part and denied in part as follows:

    a.  The motion to dismiss plaintiffs' claims brought against defendants United Express Group, Inc. and Petrea Gherasim, to the extent that those claims are premised on alter ego or agency theories of liability, is denied;

/////

11

b. Plaintiffs' claims against defendants United Express Group, Inc. and Petrea Gherasim, to the extent those claims are premised on joint venture theory of liability, are dismissed, without leave to amend; and

2. Defendants United Express Group, Inc. and Petrea Gherasim shall file an answer responding to plaintiffs' first amended complaint no later than twenty-one (21) days after the date of entry of this order.

IT IS SO ORDERED.

Dated: **December 20, 2023**

*/s/ Dale A. Drozd*
DALE A. DROZD
UNITED STATES DISTRICT JUDGE