UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMBER WOO, *et al.*, | Case No. 2:22-cv-1253-DAD-JDP |
| Plaintiffs, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| UNITED EXPRESS GROUP, INC., *et al.*, | |
| Defendants. | |

Plaintiffs move for default judgment against defendants People Movers California, Long Distance Moving Experts, and Satellite Logistics. ECF No. 41. For the reasons set forth below, I recommend that plaintiffs' motion be denied without prejudice.[1]

I. <u>Background</u>

According to the first amended complaint, defendant Nicolae Gutu is the owner and alter ego of defendants People Movers California, Inc. ("PMCA"), Long Distance Moving Experts, Inc. ("LDME"), and Satellite Logistics, Inc. ("Sat Log"). ECF No. 26 ¶ 9. PMCA, LDME, and Sat Log are corporations doing business as "People Movers." *Id.* ¶¶ 6-8. All three are licensed as

---

[1] Defendant Nicolae Gutu, proceeding without counsel, filed a motion to continue the hearing on plaintiffs' motion for default judgment. ECF No. 46. The court subsequently determined that oral argument would not of material assistance, and plaintiffs' motion was submitted without argument pursuant to Local Rule 230(g). ECF No. 48. Accordingly, defendant Gutu's motion to continue the vacated hearing is denied as moot.

1

1  interstate movers of household goods and operate out of the same location, 5025 Arnold Avenue,
2  McClellan Park, California. *Id.* In 2017, defendant Gherasim began working for Sat Log. *Id.* ¶
3  13. In May 2019, Gherasim relocated to California to continue working for Sat Log. *Id.* The
4  following month, Gherasim became a manager at LDME's California branch. *Id.* ¶¶ 13-15.

5      In June 2019, while still employed by LDME, Gherasim started a different moving
6  company, defendant United Express Group, Inc. ("UEG"). Gherasim created the company to
7  compete with his employers, but he did not inform his employers of his new venture. *Id.* ¶ 15.
8  UEG allegedly did business under the name "People Movers"—a name owned by LDME—and
9  used the same McClellan Park address as the office occupied by LDME. *Id.* ¶¶ 10, 15-16.
10 Because Gherasim continued to work for defendants Gutu and LDME, he had access to LDME's
11 client list and was able to obtain revenue for UEG by transporting the household goods of
12 customers who believed they were in fact dealing with LDME.

13     In August 2021, plaintiffs received a quote from "People Movers" to move their
14 household goods from California to Arkansas. *Id.* ¶ 29. The quote was approximately $7,500 to
15 have a six- to eight-person crew assist with the transport of plaintiffs' personal property. *Id.* ¶ 31.
16 On October 26, 2021, "People Movers" arrived at plaintiffs' house with only two workers and a
17 new quote that required plaintiffs to pay more than $11,300. *Id.* ¶ 33. Plaintiffs reluctantly
18 agreed to this the new quote. *Id.* ¶ 36. During the move, the workers caused substantial damage
19 to plaintiffs' and their neighbor's homes, resulting in repairs and cleaning fees that totaled $5,750.
20 *Id.* ¶ 36. To make matters worse, when the shipment of plaintiffs' household goods arrived at
21 their new home in Arkansas, nearly all items were either damaged or missing. *Id.* ¶ 37.

22     Plaintiffs initially tried to resolve the problem by submitting a claim with "People
23 Movers." *Id.* ¶ 41. On March 3, 2022, plaintiffs received an email response to their claim,
24 purportedly from People Mover's accountant. *Id.* ¶ 41. However, subsequent attempts at
25 communicating proved futile. *Id.* ¶ 43.

26     On July 14, 2022, plaintiffs filed the instant action against the six defendants—PMCA;
27 LDME; Sat Log; Nicolae Gutu; UEG; and Petrea Gherasim. ECF No. 1. The first amended
28 complaint alleges claims for (1) violation of the Carmack Amendment, 49 U.S.C. § 14706;

(2) unlawful carrier activity in violation of 49 U.S.C. §§ 13902, 14707, 14901, 14912; (3) violation of a federal consumer protection statute governing household goods carriers, 49 U.S.C. § 14104; and (4) unfair and unlawful business practices in violation of California Business and Professions Code §§ 17200, *et seq.*, 19235, 19237, California Corporations Code § 191, and California Revenue and Taxation Code § 23101. ECF No. 26 at 11-17.

According to proofs of service filed in August 2022, PMCA was served with a copy of the summons and complaint on August 3, 2022, ECF No. 5, and LDME and Sat Log were served on August 5, 2022, ECF Nos. 7 & 8. In April 2024, plaintiffs requested entry of PMCA, LDME, and Sat Log's default, ECF No. 39, which the Clerk of Court entered on April 15, 2024, ECF No. 41. Thereafter, plaintiffs filed the instant motion for default judgment against defendants PMCA, LDME, and Sat Log.

II.   <u>Legal Standard</u>

Under Federal Rule of Civil Procedure 55, default may be entered against a party who fails to plead or otherwise defend against an action. *See* Fed. R. Civ. P. 55(a). However, "[a] defendant's default does not automatically entitle the plaintiff to a court-ordered judgment." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002) (citing *Draper v. Coombs*, 792 F.2d 915, 924-25 (9th Cir. 1986)). Rather, the decision to grant or deny a motion for default judgment is discretionary. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In exercising that discretion, the court considers the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning the material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). "In applying this discretionary standard, default judgments are more often granted than denied." *Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003) (quoting *PepsiCo, Inc. v. Triunfo-Mex, Inc.*, 189 F.R.D. 431, 432 (C.D. Cal. 1999)).

However, Rule 54(b) provides that "when multiple parties are involved, the court may

3

1    direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the
2    court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b).
3    Generally, the granting of default judgment as to some claims or defendants is disfavored "in the
4    interest of sound judicial administration." *Curtiss-Wright Corp. Gen. Elec. Co.*, 446 U.S. 1, 8
5    (1980); *see also Morrison-Knudsen Co. v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981) ("Judgments
6    under Rule 54(b) must be reserved for the unusual case in which the costs and risk of multiplying
7    the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing
8    needs of the litigants for an early and separate judgment as to some claims or parties."). "[W]here
9    a complaint alleges that defendants are jointly liable and one of them defaults, judgment should
10   not be entered against the defaulting defendant until the matter has been adjudicated with regard
11   to all defendants." *In re First T.D. & Inv., Inc.*, 253 F.3d 520, 532 (9th Cir. 2001) (citing *Frow v.*
12   *De La Vega*, 82 U.S. 552, 554 (1872)). Even where the defendants are not jointly liable, a court
13   may decline to enter judgement against a defaulted defendant under Rule 54(b) where it could
14   result in "incongruous and unfair" rulings. *See id.* at 532.

15   II.    Discussion

16   Plaintiffs move for entry of default judgment against only three of the six defendants
17   named: PMCA, LDME, and Sat Log. Their motion, however, does not even attempt to
18   demonstrate that entry of judgment against these defendants is appropriate at this time.

19   Significantly, plaintiffs' claims against defendant Gutu remain pending. The operative
20   complaint specifically alleges that Gutu "was and is an owner, designated officer, operator, and
21   alter ego of PMCA, LDME, and SAT LOG." ECF No. 26 ¶ 9. Should defendant Gutu
22   successfully defend against plaintiffs' claims, there is a potential for inconsistent judgment—for
23   instance, if Gutu demonstrates on summary judgment or at trial that neither he nor any of his
24   companies injured plaintiffs. And even if plaintiffs succeed in demonstrating that each defendant
25   is liable, the three defendants who have appeared—Gutu, Gherasim, and UEG—may demonstrate
26   that plaintiffs' calculation of damages is inflated. Thus, entry of final judgment against
27   defendants PMCA, LDME, and Sat Log at this juncture could potentially lead to divergent
28   rulings. This is especially so given that the amended complaint's prayer for relief asks that

"judgment be entered in [plaintiffs'] favor, and against each Defendant, jointly and severally . . . ." ECF No. 26 at 17.

Considering the potential for inconsistent judgments, I recommend that plaintiffs' motion for default judgment be denied without prejudice to resolution of their claims against the defendants that have appeared. *See In re First T.D. & Inv., Inc.*, 253 F.3d 520, 532 (9th Cir. 2001) ("[W]here a complaint alleges that defendants are jointly liable and one of them defaults, judgment should not be entered against the defaulting defendant until the matter has been adjudicated with regard to all defendants."); *Penton v. Johnson*, No. 2:11-cv-0518-TLN-KJN (P), 2022 WL 483147, at *2 (E.D. Cal. Feb. 16, 2022) (denying without prejudice the plaintiff's renewed motion for default judgment when the claims against the defaulting defendant were factually intertwined with the claims against the remaining defendants).

Accordingly, it is hereby ORDERED that defendant Gutu's motion to continue the hearing on plaintiffs' motion for default judgment, ECF No. 46, is DENIED as moot.

Further, it is RECOMMENDED that plaintiffs' motion for default judgment, ECF No. 41, be DENIED without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   March 12, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE