UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMBER WOO, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED EXPRESS GROUP, INC, *et al.*,<br><br>Defendants. | Case No. 2:22-cv-1253-DAD-JDP (PS)<br><br>ORDER; FINDINGS AND<br>RECOMMENDATIONS |

Plaintiffs Amber and Stephen Woo filed this action against six defendants—Nicolae Gutu; Petrea Gherasim; People Movers California, Inc. ("PMCA"); Long Distance Moving Experts, Inc. ("LDME"); and Satellite Logistics, Inc. ("SATLOG"); and United Express Group, Inc. ("UEG")—seeking to recover damages for the destruction and loss of their property during a cross-county move.  Defendant Gherasim, proceeding without counsel, has moved for summary judgment, for a protective order staying discovery, and to file and be served with documents electronically.  ECF Nos. 66, 70, 69, & 75.  I will deny Gherasim's motions for a protective order and to file and be served documents electronically, and recommend that his motion for summary judgment be denied.

**Motions to File and Be Served Electronically**

Gherasim has filed a motion asking to be served filings via email, ECF No. 66, and another motion asking for permission to file documents using the court's electronic filing system,

1

ECF No. 75.  Generally, "any person appearing pro se may not utilize electronic filing except with permission of the assigned Judge or Magistrate Judge."  E.D. Cal. L.R. 133(b)(2).  "Requests to use paper or electronic filing as exceptions from these Rules shall be submitted as stipulations as provided in L.R. 143 or, if a stipulation cannot be had, as written motions setting out an explanation of reasons for the exception."  E.D. Cal. L.R. 133(b)(3).  The local rules also generally require that pro se litigants be served documents conventionally in accordance with Rule 5 of the Federal Rule of Civil Procedure ("Rule").  E.D. Cal. L.R. 135(b) & (e).

Gherasim has not demonstrated good cause for a departure from the normal filing and serving procedure for unrepresented litigants.  His motions are therefore denied.

## Motion for a Protective Order

Gherasim moves for a protective order staying his obligation to provide discovery pending resolution of his motion for summary judgement.  ECF No. 70.  In response, plaintiffs state that they do not oppose a stay of discovery so long as it is lifted immediately following a decision on Gherasim's motion for summary judgment.  ECF No. 87.  In light of my recommendation that Gherasim's motion for summary judgment be denied, as well as plaintiffs agreement to forgo discovery at this time, a formal stay of discovery is unnecessary.  Upon resolution of the motion for summary judgment, the court will, if appropriate, set a scheduling conference and ordered the parties to submit status reports that propose their respective discovery plans.

## Motion for Summary Judgment

I.    **Background**

According to the first amended complaint, defendant Gutu is the owner, operator, and designated officer of three corporations: defendants PMCA, LDME, and SATLOG.  ECF No. 26 ¶¶ 6-9.  All three corporations do business in California as "People Movers" and operate out of an address in McClellan Park, California.

Defendant Gherasim was an employee of Gutu and SATLOG.  *Id.* ¶ 13.  In May 2019, Gherasim relocated to California to continue working for SATLOG, *id.*, and sometime thereafter he became the manager of LDME's California location, *id.* ¶ 14.  In June 2019, Gherasim formed a competing company, defendant United Express Group, Inc. ("UEG"), without notifying his

2

employers.  *Id.* ₧15.  UEG registered with the U.S. Department of Transportation, using the same McClellan Park address used by LDME, PMCA, and Sat Log, and it also operated under the name "People Movers."  *Id.*  Because Gherasim continued to work for defendants Gutu and LDME throughout this period, he and UEG had access to defendant LDME's client lists and were able to obtain revenue by transporting the household goods of customers who believed they were dealing with LDME.  *Id.* ¶ 16.

In August 2021, "People Movers" provided plaintiffs a $7,799.10 estimate to transport their household goods from California to Arkansas, promising a six-person crew and an October 26, 2021 move date.  *Id.* ₧ 29, Ex. 4.  In the original quote, People Movers stated that the estimated price "is guaranteed not to change unless you require additional services or add other pieces to your inventory."  *Id.* ₧ 30.  On October 26, 2021, People Movers arrived with only two movers and a bill of landing—i.e., the contract—containing a new quote of $11,378.73.  *Id.* ₧₧ 31-32.  Under pressure, plaintiffs reluctantly signed the bill of landing and agreed to People Movers' completion of the move.  *Id.* ₧ 32.

Plaintiffs further allege each of the named defendants were responsible for shipping their property, *id.* ¶ 11, and that due to defendants' short-staffed crew and negligent haste, nearly all of plaintiffs' property was either damaged or missing upon delivery, *id.* ₧₧ 36-37.  On November 11, 2021, plaintiffs corresponded with an individual purporting to be defendant Gutu regarding the shipping problems.  *Id.* at 177-80.  Plaintiffs, however, are unsure whether that person was in fact defendant Gutu or was Gherasim pretending to be Gutu.  *Id.* ₧ 44.  Plaintiffs also allegedly filed a claim with "People Movers" for the lost and damaged property, which ultimately proved unsuccessful.  *Id.* ₧₧ 41-44.

Plaintiffs then filed this action, alleging that defendants had engaged in fraudulent business practices and were responsible for damaging or destroying their personal property.  ECF No. 1.  The amended complaint alleges claims for: (1) violation of the Carmack Amendment, 49 U.S.C. § 14706; (2) unlawful carrier activity in violation of 49 U.S.C. §§ 13902, 14707, 14901, 14912; (3) violation of a federal consumer protection statute governing household goods carriers, 49 U.S.C. § 14104; and (4) unfair and unlawful business practices in violation of California Business

3

and Professions Code §§ 17200, *et seq.*, 19235, 19237, California Corporations Code § 191, and California Revenue and Taxation Code § 23101.  ECF No. 26 at 11-17.

## II.    Legal Standards

Summary judgment is appropriate where there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *Washington Mutual Inc. v. United States*, 636 F.3d 1207, 1216 (9th Cir. 2011).  An issue of fact is genuine only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party, while a fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Wool v. Tandem Computers, Inc.*, 818 F.2d 1422, 1436 (9th Cir. 1987).

Rule 56 allows a court to grant summary adjudication, also known as partial summary judgment, when there is no genuine issue of material fact as to a claim or a portion of that claim. *See* Fed. R. Civ. P. 56(a); *Lies v. Farrell Lines, Inc.*, 641 F.2d 765, 769 n.3 (9th Cir. 1981) ("Rule 56 authorizes a summary adjudication that will often fall short of a final determination, even of a single claim . . . .") (internal quotation marks and citation omitted).  The standards that apply on a motion for summary judgment and a motion for summary adjudication are the same.  *See* Fed. R. Civ. P. 56 (a), (c); *Mora v. Chem-Tronics*, 16 F. Supp. 2d 1192, 1200 (S.D. Cal. 1998).

Each party's position must be supported by (1) citations to particular portions of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) argument showing that the materials cited do not establish the presence or absence of a genuine factual dispute or that the opposing party cannot produce admissible evidence to support its position.  *See* Fed. R. Civ. P. 56(c)(1) (quotation marks omitted).  The court may consider other materials in the record not cited to by the parties, but it is not required to do so.  *See* Fed. R. Civ. P. 56(c)(3); *Carmen v. San Francisco Unified School Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001); *see also Simmons v. Navajo Cnty., Ariz.*, 609 F.3d 1011, 1017 (9th Cir. 2010).

"The moving party initially bears the burden of proving the absence of a genuine issue of material fact."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  To meet its burden, "the moving party must either produce evidence negating an essential element of the nonmoving

party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000). If the moving party meets this initial burden, the burden then shifts to the non-moving party "to designate specific facts demonstrating the existence of genuine issues for trial." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (citing *Celotex Corp.*, 477 U.S. at 323). The non-moving party must "show more than the mere existence of a scintilla of evidence." *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). However, the non-moving party is not required to establish a material issue of fact conclusively in its favor; it is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Electrical Serv., Inc. v. Pac. Elec. Contractors Assoc.*, 809 F.2d 626, 630 (9th Cir. 1987).

The court must apply standards consistent with Rule 56 to determine whether the moving party has demonstrated there to be no genuine issue of material fact and that judgment is appropriate as a matter of law. *See Henry v. Gill Indus., Inc.*, 983 F.2d 943, 950 (9th Cir. 1993). "[A] court ruling on a motion for summary judgment may not engage in credibility determinations or the weighing of evidence." *Manley v. Rowley*, 847 F.3d 705, 711 (9th Cir. 2017) (citation omitted). The evidence must be viewed "in the light most favorable to the nonmoving party" and "all justifiable inferences" must be drawn in favor of the nonmoving party. *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 772 (9th Cir. 2002); *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000).

**III.    Discussion**

Gherasim argues that he is entitled to summary judgment on all of plaintiffs' claims because undisputed evidence demonstrates that LDME, and not UEG, was the motor carrier that contracted with plaintiffs to move their household goods. ECF No. 69 at 11-15. He further contends that his company, UEG, provided only administrative services and that there is no evidence showing that he or UEG were agents or the alter egos LDME of the other defendants. *Id.* In their opposition, plaintiffs argue that Gherasim's motion should be denied pursuant to Federal Rule of Civil Procedure 56(d) because the parties have not had a meaningful opportunity

5

to conduct discovery due to ongoing pleading disputes, party defaults, and unresolved discussions between their counsel and Gherasim.  ECF No. 71-2.[1]

Rule 56(d) provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition," the court may issue any appropriate order, including deferring consideration of the motion for summary judgment or denying it to allow additional "time to obtain affidavits or declarations or to take discovery."  Fed R. Civ. P. 56(d).  The party seeking leave to conduct additional discovery must identify the specific facts that he or she hopes to elicit through discovery and show that the facts are necessary to defeat summary judgment.  *Family Home & Finance Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008).  "The party seeking additional discovery also bears the burden of showing that the evidence sought exists."  *Terrell v. Brewer*, 935 F.2d 1015, 1018 (9th Cir. 1991).  Even if the moving party satisfies these requirements, its motion may be denied if the party fails to diligently pursue discovery.  *Pfingston v. Ronan Engineering Co.*, 284 F.3d 999, 1005 (9th Cir. 2002) ("The failure to conduct discovery diligently is grounds for the denial of a Rule 56(f) motion."); *Qualls By and Through Qualls v. Blue Cross of Calif., Inc.*, 22 F.3d 839, 844 (9th Cir. 1994) (holding that a Rule 56(d) motion may be denied if the movant failed to "diligently pursu[e] its previous discovery opportunities") (emphasis in original).

Although this case was commenced in July 2022, the case's procedural history supports plaintiffs' contention that the parties have yet to meaningfully engage in discovery.  Through counsel, defendants Gherasim and UEG successively moved to dismiss the original complaint.  ECF Nos. 15 & 25.  Plaintiffs filed an amended complaint, and Gherasim and UEG filed another motion to dismiss, ECF No. 27, which the court granted in part and denied in part, ECF No. 34.  After Gherasim, UEG, and Gutu filed answers, ECF Nos. 35 & 38, plaintiffs moved for default judgment against defendants PMCA, LDME, and SATLOG.  ECF No. 41.  On March 13, 2024, I recommended that motion be denied without prejudice, finding that default judgment against the

---

[1] Plaintiffs also argue that Gherasim's motion should be denied because there is a genuine dispute as to whether Gherasim, UEG, or LDMA was the carrier for move.  ECF No. 71-2 at 8-13.  Because I find that Gherasim's motion should be denied without prejudice pursuant to Rule 56(d), I decline to reach this argument.

non-appearing defendants was premature because claims remained against Gherasim, UEG, and Gutu, creating a risk of inconsistent judgments.  ECF No. 49.  The court adopted the findings and recommendations in full, ECF No. 50, and set a scheduling conference for June 9, 2025, ECF No. 53.

Less than two weeks after the court set the scheduling conference, attorney Miles Kavaller moved to withdraw as counsel for defendants Gherasim and UEG.  ECF No. 54.  To allow for consideration of that motion, the court continued the scheduling conference.  ECF Nos. 57 & 68.  On June 10, 2025, the court denied the motion to withdraw without prejudice, ECF No. 58, necessitating Mr. Kavaller to file another motion to withdraw, ECF No. 59.  The court granted the renewed motion, leaving Gherasim pro se and UEG without representation.  ECF Nos.  60 & 64.  Gherasim then filed the instant motion for summary judgment, ECF No. 69, and approximately two weeks later, the assigned district judge referred this case to the undersigned for all pretrial proceedings, including scheduling.  ECF No. 73.

Thus, Gherasim's motion for summary judgment was filed prior to a scheduling conference and before the court set a date for competition of discovery.  In his declaration, plaintiffs' counsel states that the parties have not served written discovery, conducted any depositions, or even exchanged initial disclosures.  ECF No. 71-1 at 3.  Counsel also states that plaintiffs intend to seek discovery into, among other things, Gherasim's relationship to "People Movers" and his co-defendants; the operation, ownership, and corporate structure of UEG; communications and records concerning the quotes given by "People Movers"; and business account and transaction records.  *Id.* at 3-4.  Plaintiffs contend that this discovery is needed to support all of their claims, which are premised on alter ego and agency theories of liability, and to refute Gherasim's evidence suggesting he had no involvement in plaintiffs' move.[2]  ECF No. 71-2 at 7-8.

Counsel's declaration shows that discovery is necessary to meaningfully oppose Gherasim's motion—especially in light of the case's procedural history—and satisfies the

---

[2] Plaintiffs allege that Gherasim is the owner, agent, and alter ego UEG, ECF No. 26 ⁋ 10, and that Gutu is the alter ego of LDME, SATLOG, and PMCA.  *Id.* ⁋ 9.

7

requirements of Rule 56(d).  Gherasim's motion for summary judgment should therefore be denied without prejudice to renewal upon completion of discovery.  *See Klingele v. Eikenberry*, 849 F.2d 409, 412 (9th Cir. 1988) (holding that summary judgment is generally disfavored "where relevant evidence remains to be discovered").

Accordingly, it is hereby ORDERED that defendant Gherasim's motions to file and be served with documents electronically, ECF Nos. 66 & 75, and for a protective order, ECF No. 70, are DENIED.

Further, it RECOMMENDED that defendant Gherasim's motion for summary judgment, ECF No. 69, be DENIED without prejudice to refiling upon completion of discovery.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    March 5, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

8