UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMBER WOO, *et al.*, | Case No.  2:22-cv-1253-DAD-JDP (PS) |
| Plaintiffs, | |
| v. | ORDER; FINDINGS AND RECOMMENDATIONS |
| UNITED EXPRESS GROUP, INC., *et al.*, | |
| Defendants. | |

Pending before the court is plaintiffs' unopposed motion to strike defendant United Express Group, Inc.'s ("UEG") answer and request for the entry of default.  ECF No. 93.  For the reasons stated below, I recommend that UEG's answer be stricken, and default be entered against it.

I.      Background

Plaintiffs' first amended complaint alleges claims against UEG, Long Distance Moving Experts, Inc., Satellite Logistics, Inc., People Movers California, Inc., Nicolae Gutu, and Petrea Gherasim.  ECF No. 26.  The parties are familiar with the connective tissue between each defendant, and the court has detailed as much.  *See* ECF No. 34 (detailing the FAC's allegations); ECF No. 96 (same).  For purposes of this motion, it is sufficient to point out that Gherasim is the owner, designated officer, CEO, CFO, secretary, director, agent for service of process, alter ego, and agent of UEG.  ECF No. 26 at ¶ 10.  And following an unsuccessful motion to dismiss, UEG

1

and Gherasim, represented at the time by attorney Miles Kavaller, filed an answer, ECF No. 35.

Fast forward through litigation, on May 2, 2025, attorney Kavaller moved to terminate his representation of both UEG and Gherasim. ECF No. 54. On June 10, 2025, the court denied the motion to withdraw without prejudice, ECF No. 58, and Mr. Kavaller filed another motion to withdraw, ECF No. 59. The court granted that motion with respect to Gherasim but denied it to UEG. ECF No. 60. Thereafter, the court held a hearing to discuss attorney Kavaller's motion. ECF No. 63. Following the hearing, the court terminated attorney Kavaller's representation of UEG. ECF No. 64. In doing so, the court directed the Clerk of the Court to serve its order on UEG by mail to the following address: United Express Group, Inc. c/o Petrea Gherasim 330 Twin Dolphin Drive Redwood City, California 94165. *Id.* The court later notified Gherasim that he cannot represent UEG and referred the matter to the undersigned.[1]

II.    Legal Standard

Local Rule 183(a) and the Court of Appeals has consistently found that a corporation may only appear with an attorney. *In re Am. W. Airlines*, 40 F.3d 1058, 1059 (9th Cir. 1994); L.R. 183(a) ("A corporation or other entity may appear only by an attorney."). "When a corporation fails to retain counsel to represent it in an action, its answer may be stricken and a default judgment entered against it." *Rojas v. Hawgs Seafood Bar, Inc.*, No.C0-03819 JF (PVT), 2009 WL 1255538, at *1 (N.D. Cal. May 5, 2009) (citing *Emp. Painters' Tr. v. Ethan Enters., Inc.*, 480 F.3d 993, 998 (9th Cir. 2007)).

III.    Analysis

Plaintiffs move to strike UEG's answer and enter its default. ECF No. 93. UEG, as a corporation, is not permitted to proceed without an attorney, and the court has notified Gherasim, UEG's owner, of this. *See* ECF No. 73. Because UEG has failed to retain counsel, despite ample time to do so, I recommend that plaintiffs' motion to strike UEG's answer be granted and the Clerk of Court be directed to enter UEG's default.

---

[1] Gherasim informed that court that UEG had since been dissolved. *Id.*

IV.    Conclusion

Plaintiffs' initiated this action in July 2022 and yet no scheduling conference has occurred.  Accordingly, within fourteen days, the appearing defendants, that is, Gherasim and Gutu, and plaintiffs shall file a joint report addressing the status of this action and any measure that would secure speedy and efficient resolution.  Additionally, the parties are directed to complete and file the Consent to Assignment or Request for Reassignment form within fourteen days of the date of this order.

Accordingly, it is hereby ORDERED that:

1.  The parties shall file a joint status report within fourteen days of this order.

2.  The parties shall complete and file the Consent to Assignment or Request for Reassignment form within fourteen days of the date of this order.

Further, it is hereby RECOMMENDED that:

1.  Plaintiffs' motion to strike UEG's answer and request to enter default, ECF No. 93, be GRANTED.

2.  The answer filed on January 12, 2024, ECF No. 35, be STRICKEN with respect to only UEG.

3.  The Clerk of Court be directed to enter UEG's default.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.


Dated:    July 7, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE